<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Civil Action No. 15-8652 (ES) (MAH) |
| v. | MEMORANDUM OPINION |
| **GILBERT ACOSTA,** | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of Plaintiff United States of America ("Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (*See* D.E. No. 35). For the reasons below, Plaintiff's motion is GRANTED.

1. The Court provides the background of this action in summary fashion because it writes for the parties who are undoubtedly familiar with the procedural and factual background of this litigation. On November 27, 2012, Plaintiff commenced the instant action, asserting a breach of contract claim against Defendant Gilbert Acosta (Social Security No. XXXX-XX-7420) ("Defendant"), specifically for non-payment of student loans. (D.E. No. 1; D.E. No. 35-1, Letter Brief in Support of Motion for Default Judgment ("Plaintiff's Brief") at 2).

2. Plaintiff used Defendant's loan documents and credit report to determine that Defendant resided at 34 Chestnut Ave, Bogota, New Jersey. (*See* D.E. Nos. 35-2 & 35-3). On December 25, 2016, a process server served Defendant by leaving the Summons and Complaint with Jamilah Acosta, a co-habitant of Defendant. (D.E.

          No. 6).

3. On February 1, 2016, a party with a similar name to Defendant[1] who resided at the same address filed a motion to dismiss, asserting he was not the same Gilbert Acosta as the Defendant in this matter. (*See* D.E. No. 5). Thereafter, Plaintiff's counsel conducted two skip traces,[2] which again indicated that Defendant resided at 34 Chestnut Avenue. (*See* D.E. 35-5). After a hearing before The Honorable Michael A. Hammer, United States Magistrate Judge, Plaintiff voluntarily dismissed the Complaint against Gilbert Acosta (Social Security No. XXX-XX-5623) (D.E. Nos. 25 & 26) and filed a letter to the Court asserting that default was proper to be entered against Gilbert Acosta (Social Security No. XXX-XX-7420). (D.E. No. 29).

4. The time for answering the Complaint has expired, and Defendant has neither been granted an extension of time within which to answer, interposed an answer, nor otherwise responded to the Complaint.

5. On June 16, 2016, Plaintiff sent the Clerk of the Court a letter requesting that default be entered against Defendant Gilbert Acosta (Social Security No. XXX-XX-7420). (D.E. No. 5).

6. On June 26, 2016, the Clerk of the Court entered default as to this Defendant. (*See* June 26, 2016 docket entry).

7. On September 23, 2016, Plaintiff filed a motion seeking default judgment to recover the debts owed as set forth in the Complaint. (D.E. No. 35).

---

[1]    This party's name is Gilbert Acosta (Social Security No. XXX-XX-5623). (*See* D.E. No. 25).

[2]    One skip trace used the Defendant's Social Security number "XXX-XX-7420," and the other skip trace used the name "Gilbert Acosta," the city "Bogota," and the state "New Jersey." (*See* D.E. 35-5).

8. On September 2016, Plaintiffs also provided Defendant with notice of their motion for default judgment. (D.E. No. 35-10).

9. "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

10. "Before granting a default judgment, the Court must determine (i) whether there is sufficient proof of service, (ii) whether a sufficient cause of action was stated, and (iii) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

11. *First*, the Court finds that there has been sufficient proof of service because Defendant was served with the Summons and Complaint on December 25, 2016. (*See* D.E. No. 6). Moreover, the Court finds that Plaintiff—by using loan documents, credit reports, and skip searches—has sufficiently established that Defendant Gilbert Acosta (Social Security No. XXX-XX-7420), residing at 34 Chestnut Street, Bogota, New Jersey, is the proper defendant in this matter.

12. *Second*, the Court finds that Plaintiff has stated a sufficient cause of action. Here, in its default judgment motion, Plaintiff argues that Defendant breached a contract to repay his student loans. (Plaintiff's Brief at 2). To prevail on a breach of contract claim in New Jersey, Plaintiff must prove: (i) that a contractual relationship existed with Defendant; (ii) that Defendant breached the contract; and (iii) that Plaintiff suffered damages. *See AT & T Credit Corp. v. Zurich Data Corp.*, 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Plaintiff has alleged: (i) that there was a

contractual relationship based Plaintiff's execution of a promissory note to secure a Direct Consultation Loan from the U.S Department of Education (*see* D.E. 1-2); (ii) Defendant breached the contract by failing to repay the loan (D.E. No. 1 ¶ 4); and (iii) Plaintiff suffered damages in excess of $99,357.87 (D.E. No. 1 ¶ 2). Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

13. *Third*, to determine whether granting default judgment is proper, the Court "must make factual findings as to (i) whether the party subject to default has a meritorious defense, (ii) the prejudice suffered by the party seeking default, and (iii) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that granting default judgment is proper. First, absent any responsive pleadings from Defendant, meritorious defenses do not appear to be available. Second, the Court finds that Plaintiff "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendant is culpable because he has been served with notice of this action but has failed to participate properly. (D.E. No. 7-5).

14. Accordingly, the Court hereby GRANTS Plaintiff's motion for default judgment. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**